**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

East Coast Sheet Metal
Fabricating Corp., d/b/a
EastCoast CAD/CAM

    v.

Autodesk, Inc.

Civil No. 12-cv-517-LM
Opinion No. 2015 DNH 040

**O R D E R**

Pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, Autodesk moves the court to amend its summary-judgment order, document no. 193, to reflect that: (1) it dismissed, in an exercise of its discretion, Autodesk's counterclaim seeking a declaratory judgment of unenforceability, due to inequitable conduct before the U.S. Patent and Trademark Office, see Answer (doc. no. 121) 7-8; and (2) "Autodesk is entitled to raise enforceability in its fees motion," Def.'s Mot. to Amend (doc. no. 198) 1-2.  EastCoast objects, arguing that: "1) notwithstanding the judgment, this Court retains jurisdiction to hear any fees motion brought by either party; and 2) issues that were not actually adjudicated play no proper role in a motion for fees."  Pl.'s Mem. of Law (doc. no. 203-1) 1.

Autodesk's motion to amend the judgment is granted.  Specifically, the first sentence of the court's summary-judgment order, document no. 193, is amended to read:

This case now consists of: (1) a claim by East Coast Sheet Metal Fabricating Corp. ("EastCoast") that Autodesk, Inc. ("Autodesk") has infringed claim 1 of U.S. Patent No. 7,917,340 (the '340 patent), claim 4 of U.S. Patent No. 7,449,839 (the '839 patent), and claim 1 of U.S. Patent No. 8,335,667 (the '667 patent); (2) a counterclaim seeking a declaratory judgment of non-infringement; (3) a counterclaim seeking a declaratory judgment of invalidity; and (4) a declaratory judgment of unenforceability due to inequitable conduct before the U.S. Patent and Trademark Office.

In addition, the summary-judgment order is amended to add the following sentence as the next-last-sentence in Section IV, on page 47:

Moreover, because Autodesk is entitled to judgment as a matter of law on the issue of unpatentable subject matter, Autodesk's three counterclaims for declaratory judgment are dismissed as moot.

The court, however, declines to take the final step urged by EastCoast, which is to add an additional sentence to the order that specifically entitles Autodesk to raise the issue of inequitable conduct in its motion for fees.

The fact is that Autodesk has already raised that issue in its motion for fees (in just under two pages), and EastCoast has already responded to Autodesk's argument, in its objection (in just over two pages). That, in turn, substantially undercuts EastCoast's primary objection to Autodesk's motion to amend, which is that granting that motion would turn the adjudication of Autodesk's motion for fees into the type of second major litigation

2

that both the United States Supreme Court and the Court of Appeals for the First Circuit have warned district courts against.  See Wagenmann v. Adams, 829 F.2d 196, 226 (1st Cir. 1987) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

The bottom line is this.  Autodesk's motion to amend the judgment, document no. 198, is granted to the extent described above.  In the context of Autodesk's motion for fees, the parties shall litigate both: (1) the propriety of addressing inequitable conduct in the context of the motion for fees (an issue that has already been joined by the parties); and (2) the merits of Autodesk's inequitable-conduct argument (which has also been addressed by the parties).  If EastCoast feels the need to expand on the arguments it made in its objection to Autodesk's motion for fees, it shall have 10 days from the date of this order to file a supplemental objection of no more than 10 pages, and Autodesk shall have five days from the date of EastCoast's supplemental objection to file a reply of no more than five pages.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 3, 2015
cc:  Thomas Tracy Aquilla, Esq.
     Kenneth C. Bartholomew, Esq.
     Robert F. Callahan, Jr., Esq.
     Joel M. Freed, Esq.
     Kyle L. Harvey, Esq.

3

Damian R. Laplaca, Esq.
Michael S. Lewis, Esq.
Richard C. Nelson, Esq.
Alexander P. Ott, Esq.
Steven R. Pedersen, Esq.
Donald J. Perreault, Esq.
Artem N. Sokolov, Esq.
Rolf O. Stadheim, Esq.
George C. Summerfield, Esq.